GARDEN, JUDGE:
At about 8:00 a.m. o’clock on November 7, 1979, the claimant, an employee of the State Tax Department, drove her 1978 Ford LTD into her assigned parking space in the car pool parking lot at the State House. Upon returning to her car after work in the afternoon, *296 she started her car and moved forward slightly when her car struck a cinder block which had been placed in close proximity to the front of her car by a person or persons unknown to her. As a result, damage was sustained to the right front fender and emission control system. An estimate from Turnpike Ford for repair of the damages in the amount of $55.10 was introduced into evidence.
The claimant testified that when she pulled into her assigned parking space in the morning, the cinder block was not present. After work, she approached her car from the rear and did not observe the obstructing cinder block. Cars were parked at that time on both sides and to the rear of her car, and thus her only means of exiting from her parking space was to pull forward. Following this incident, the claimant contacted General Services which operates the parking lot and was advised that none of its employees had placed the cinder block in front of her car, and that they had no knowledge as to who was responsible for the same.
It is the Court’s understanding that employees of the State of West Virginia, such as the claimant, are not required to pay a monthly fee for the privilege of parking in the car pool parking lot. This fact becomes exceedingly important, for in the Court’s opinion, what was created was a gratuitous bailment, and the law is clear that in such situations the bailee is required to exercise only slight diligence and is only liable for gross neglect. Being of opinion that the claimant’s testimony falls far short of establishing gross neglect, the claim is disallowed.
Claim disallowed.